UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **TERRANCE T. BROWN** | **CIVIL ACTION NO. 09-2147** |
| VS. | SECTION P |
| **WARDEN, OUACHITA PARISH CORRECTIONS CENTER** | **CHIEF JUDGE JAMES**<br>**MAGISTRATE JUDGE HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

*Pro se* petitioner Terrance T. Brown, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* on December 14, 2009. Petitioner is a pre-trial detainee in the custody of the Ouachita Parish Sheriff's Office. He is awaiting trial in Louisiana's Fourth Judicial District Court and is apparently charged with attempted aggravated burglary, conspiracy to commit aggravated burglary, and possession of a firearm by a convicted felon. Petitioner claims that his speedy trial rights have been violated and he prays that the charges be dismissed and that he be immediately released from custody. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED** for failure to exhaust available state court remedies prior to filing his petition and for failing to state a claim for which relief may be granted.

*Background*

Petitioner was arrested on July 4, 2009, and charged with attempted aggravated burglary, conspiracy to commit aggravated burglary, and possession of a firearm by a convicted felon. Hearings on various pre-trial motions filed by or on behalf of petitioner were continued on numerous occasions. On October 27, 2009, a motion for speedy trial was filed by or on behalf of petitioner. However, the motion was denied on November 3, 2007. On November 7, 2009,

another motion for speedy trial was filed by or on behalf of petitioner. This motion was denied on December 1, 2009. Meanwhile, petitioner complained to the court that his court-appointed counsel was ineffective and that the prosecution was denying petitioner his due process rights.

Petitioner filed his federal *habeas corpus* petition on December 14, 2009.

On January 10, 2010, a preliminary hearing and a hearing on a motion to suppress were convened in the Fourth Judicial District Court. The trial judge found probable cause to charge petitioner on the charges of attempted aggravated burglary and conspiracy to commit aggravated burglary, but found no probable cause with regard to the charge of possession of a firearm by a convicted felon. However, on January 19, 2010, petitioner was re-booked on charges of illegal possession of a firearm.

Petitioner claims that his arrest was "improper," that he has not been arraigned, and that his rights to a speedy trial have been violated. He prays for the dismissal of the charges or the enforcement of his speedy trial rights and his release from custody.

*Law and Analysis*

Petitioner is a pre-trial detainee who is challenging pending Louisiana state court criminal prosecutions. Thus, this petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'); and *Robinson v. Wade*, 686

F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established.  A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225;  *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971);  *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims.  *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to  *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his  claims in federal court.  However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303,  n. 8

3

("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings.  *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28.  These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

The nature of the remedy sought provides a further distinction.  The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes"  from one who seeks only to enforce the state's obligation to bring him promptly to trial.  *Dickerson*, 816 F.2d at 225.  In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976),  the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective <u>is normally not attainable through federal *habeas corpus*</u>, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

It is not entirely clear, but it appears that petitioner seeks dismissal of some or all of  the charges pending in the Fourth Judicial District Court, his immediate release from the custody Ouachita Parish Corrections Center, or, alternatively the enforcement of his right to a speedy trial.  The pleadings and exhibits, along with Louisiana's presumptively reliable published

jurisprudence reflects that petitioner has not exhausted available state court remedies.

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition filed pursuant to 28 U.S.C. §2241 be **DISMISSED** for failing to exhaust available state court remedies and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Monroe, Louisiana, February 16, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE