UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TERRANCE T. BROWN** | **CIVIL ACTION NO. 09-2147** |
| **VS.** | **SECTION P** |
| **WARDEN, OUACHITA PARISH CORRECTIONS CENTER** | **JUDGE ROBERT G. JAMES** <br> **MAGISTRATE JUDGE KAREN L. HAYES** |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Petitioner is a pre-trial detainee in the custody of the Ouachita Parish Sheriff's Office; he is awaiting trial on felony charges pending in the Fourth Judicial District Court. He filed the instant petition for writ of *habeas corpus* claiming that his speedy trial rights have been violated. He asks this Court to either dismiss the pending state felony charges and order his immediate release, or to enforce his speedy trial rights. On February 16, 2010 the undersigned recommended dismissal of the petition because petitioner failed to exhaust available State court remedies. [Doc. 8]

On February 25, 2010 petitioner filed an objection to the Report and Recommendation claiming that he was exempt from the exhaustion doctrine because "resort to the state court will be futile." He also claimed that his arrest and continued prosecution and incarceration are unlawful. [Doc. 9]

Thereafter, on March 1, 2010, petitioner filed a pleading entitled "Amendment to Habeas Corpus Showing Exhaustion of Remedies." In this pleading petitioner provided documentary evidence which he claims establishes the exhaustion of available state court remedies. According to petitioner:

(1) On October 27, 2009 he filed a pro se "Motion for Fast & Speedy Trial/Motion to Quash" in the Fourth Judicial District Court. [Doc. 10, p. 4, Exhibit A] According to petitioner, the motion was denied on November 1, 2009. [Doc. 10, p. 1]

(2) On December 11, 2009 he filed another pro se Motion to Quash in the Fourth Judicial District Court. On December 15, 2009 the trial judge directed petitioner to "Send copies to defense attorney and D.A. Unless this motion is adopted by defense attorney, it will be dismissed." [Doc. 10, p. 5, Exhibit B]

(3) On December 4, 2009 he filed a pro se "Notice of Appeal/Writ of Mandamus" in the Second Circuit Court of Appeals. [Doc. 10, pp. 7-8, Exhibit C] On December 7, 2009 the Director of the Staff Attorneys of the Second Circuit Court of Appeals returned the pleading to petitioner and noted, "This court is a review court and not a court of original jurisdiction. If you have a complaint about your case, it is strongly suggested that you contact and consult your attorney. If you are unsatisfied with the results of that consultation, you may seek relief in the district court, get a ruling, and seek review from this court, after complying with the Uniform Rules of the Louisiana Courts of Appeal (U.R.C.A.) And particularly Rules 4-2 (notice of intention), 4-3 (trial court setting of a time within which to apply) and 4-5 (contents). If this document was filed as a formal motion, it would not support the granting of any relief and would not be considered because of non-compliance with Rule 4-3. Your document is being returned as an assistance to you." [Doc. 10, p. 6, Exhibit C]

(4) Instead of heeding that advice, petitioner submitted a *pro se* pleading to the Louisiana Supreme Court on December 16, 2009. On December 18, the Supreme Court's Central Staff returned the pleadings unfiled with the following notation, "We are returning your papers to you

unfiled. You must initially raise your claim(s) in the district court. If you do not receive a satisfactory response there, you should file for writs at the Court of Appeal." [Doc. 10, p. 9, Exhibit D]

*Law and Analysis*

*1. Futility*

Petitioner objects to the Report and Recommendation and contends that he should be exempted from the exhaustion requirement because, in his case, exhaustion would be "futile." [Doc. 9, p. 1] Of course, petitioner provides no facts to support this conclusory allegation.

Further, he has not demonstrated "futility" as that term has been defined in this context. In *Fisher v. Texas*, 169 F.3d 295 (5th Cir.1999), the Fifth Circuit recognized that "the exhaustion requirement may be excused when seeking a remedy in state court would be futile," *id.* at 303. "The futility exception applies when ... the highest state court has recently decided the same legal question adversely to the petitioner." *Id.* Put another way, exhaustion is not required, "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). "[E]xhaustion is not necessary where resort to state remedies would be futile, because the necessary delay before entrance to a federal forum which would be required is not justified where the state court's attitude towards a petitioner's claims is a foregone conclusion." *Dilworth v. Johnson*, 215 F.3d 497, 501 n. 3 (5th Cir.2000) (quoting *Carter v. Estelle*, 677 F.2d 427, 446 (5th Cir.1982)). "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances'" and petitioner has the burden to demonstrate the futility of pursuing available remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994) (quoting *DCP Farms*

*v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir.1992)).

Petitioner has not shown that his efforts to litigate his speedy trial claim in the Supreme Court will be futile and therefore, he should not be allowed to claim such an exemption to the exhaustion requirement.

### 2. Fairly Presented

In the alternative, petitioner argues that he has, in fact, exhausted State court remedies. In determining whether a *habeas* claim has been exhausted, federal courts must, "... ask not only whether a prisoner has exhausted his state remedies, but also whether he has <u>properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts</u>." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (emphasis supplied); see also *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) ("To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court ...." (quotation marks and citations omitted)); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999) ("The exhaustion requirement is satisfied when the substance of the federal *habeas* claim has been fairly presented to the highest state court.").

To have "fairly presented" the claims, the litigant " '... must [have] presented his claims in a procedurally correct manner.' " *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir.2001) (quoting *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993)); see also *Mercadel*, 179 F.3d at 275 ("[A] claim is not exhausted unless ... the applicant present[s] his claims before the state courts in a procedurally proper manner according to the rules of the state courts." (quotation marks and citations omitted)). A claim is not fairly presented if it is submitted to the State court "... for the first and only time in a procedural context in which its merits will not be considered ..." *Castille*

4

*v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).. The purposes of the exhaustion requirement "would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

The exhibits tendered by the petitioner clearly demonstrate that he has not fairly presented his claims to the Louisiana courts. Petitioner chose to ignore the specific and explicit instructions provided by the District Court, the Court of Appeals, and the Supreme Court regarding the appropriate procedures to follow in order to ensure that his speedy trial claim could be adjudicated at each level. The manner in which petitioner presented his claim to each court virtually ensured that the merits of the claim would not be addressed. Clearly, petitioner has not fairly presented this speedy trial claim to the Louisiana courts and therefore, he is not entitled to litigate his claim before this Court.

Therefore,

**IT IS AGAIN RECOMMENDED** that this *habeas corpus* petition filed pursuant to 28 U.S.C. §2241 be **DISMISSED** for failing to exhaust available state court remedies.

Signed in Chambers, Monroe, Louisiana, March 18, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE